### MICHAEL McQUADE *vs.* HUGH O'NEIL.

A writ brought in a police court, with an *ad damnum* beyond its jurisdiction, cannot be amended in the court of common pleas on appeal, and judgment may be arrested after verdict for the plaintiff in that court, even if that verdict and the judgment of the police court are for nominal damages only.

ACTION OF TORT for breaking and entering the plaintiff's close, commenced in the police court of the city of Lowell. The *ad damnum* in the writ was one hundred dollars.

The police court gave judgment for the plaintiff for two dollars and costs. The defendant appealed to the court of common pleas in Middlesex, where, after a verdict for the plaintiff for one cent damages, at March term 1859, he moved that judgment be arrested, because the police court of Lowell, and the court of common pleas on appeal, had no jurisdiction thereof. The plaintiff moved for leave to amend his writ by striking out " one hundred " and inserting " twenty " in the *ad damnum*. The court overruled the plaintiff's motion, and ordered judgment to be arrested; and the plaintiff appealed to this court.

*A. R. Brown*, for the defendant.

*T. H. Sweetser & P. Haggerty*, for the plaintiff. The damages sought to be recovered were in fact merely nominal, as is seen by the judgment of the police court and the verdict of the jury. The motion to arrest judgment should not therefore prevail.

The police court had jurisdiction of the parties and of the subject matter of the action, and after verdict it is too late to take advantage of this error. *St.* 1852, *c.* 312, § 22, & commissioners' note; Hall's Practice, 173, 174. *Carlisle* v. *Weston*, 21 Pick. 535. *Simonds* v. *Parker*, 1 Met. 508. *Clark* v. *Flint*, 22 Pick. 231. *Raynham Congregational Society* v. *Trustees of Fund in Raynham*, 23 Pick. 148. *Ripley* v. *Warren*, 2 Pick. 592. *Cooke* v. *Gibbs*, 3 Mass. 195. *Prescott* v. *Tufts*, 7 Mass. 209.

It does not necessarily appear that the damages sought to be recovered were solely for trespass to real estate, and whether they were could only be ascertained by inquiry into the facts in the course of the trial; therefore the amendment should have been allowed. *Blanchard* v. *Kimball*, 13 Met. 300. *Cragin* v *Warfield*, 13 Met. 215. *Danielson* v. *Andrews*, 1 Pick. 156. *McLellan* v. *Crofton*, 6 Greenl. 325. *Converse* v. *Damariscotta Bank*, 15 Maine, 431. *St.* 1852, *c.* 312, §§ 32, 33.

DEWEY, J. This case, to some extent, involves the same questions which have been considered and decided in the case of *Ashuelot Bank* v. *Pearson*, 14 Gray, 521, in which it was held, that, when the amount of damages demanded exceeded the jurisdiction of a police court, and the case after being tried in such police court was taken by appeal to the court of common pleas, it was there properly dismissed for want of jurisdiction in the appellate court.

The present case, as presented to the police court, was an action of trespass *quare clausum fregit*, with an *ad damnum* of one hundred dollars. It is conceded that the *St.* of 1852, *c.* 314, § 1, while it extended the jurisdiction of police courts and justices of the peace to the amount of one hundred dollars in various personal actions, did not extend the jurisdiction of such courts in actions of trespass upon real estate to cases where the damages demanded exceed twenty dollars. Such being the case, the action falls within the rule stated in the case of *Ashuelot Bank* v. *Pearson*. We have, upon further consideration, and with the aid of the argument now offered, seen no sufficient grounds for a different opinion.

Section 22 of *St.* 1852, *c.* 312, does not prevent the objec-

tion to the jurisdiction being taken after verdict, but directly permits it. Its further provision, that no defect in the writ or the service thereof shall, after the party has appeared and answered, be deemed to affect the jurisdiction, does not prevent the objection to the jurisdiction being taken in the present case, inasmuch as the objection is not made on the ground of a defect in the writ, but because the case stated in the writ shows a jurisdiction in a higher tribunal. The subject attempted to be brought before the police court was not within its jurisdiction. Such being the case, it could not act upon it, and an appeal to the court of common pleas could give no jurisdiction to that court. No amendment there made could cure the want of jurisdiction in the police court from which the appeal was taken. If an amendment might have properly been made in the police court, upon which it is unnecessary now to express an opinion, such amendment not having been made, the case tried by the police court was without its jurisdiction. The appeal therefore vested no authority in the court of common pleas to entertain the action. *Judgment arrested.*